UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:19MJ1708 (RMS) |
| v. | |
| AHMAD KHALIL ELSHAZLY | April 24, 2020 |

## GOVERNMENT'S PRELIMINARY HEARING MEMORANDUM

The United States of America, by and through the United States Attorney and Assistant United States Attorney Douglas P. Morabito, respectfully submits this memorandum to assist the Court in conducting the anticipated preliminary hearing in this matter. The brief provides an overview of the case law governing preliminary hearings, including timing requirements, the probable cause standard, evidentiary matters, and disclosures.

### I.   INTRODUCTION

On December 16, 2019, defendant Ahmad Khalil Elshazly (the "defendant") was charged by criminal complaint with attempting to provide material support and resources to a foreign terrorist organization ("FTO"), in violation of Title 18, United States Code, Section 2339B. Over a period of 15 months, FBI confidential sources consensually recorded the defendant as outlined in the affidavit in support of the criminal complaint.

On December 15, 2019, the defendant was arrested without a warrant at a marina in Connecticut as outlined in the affidavit. The Court signed a criminal complaint the next day and the defendant made his initial appearance on December 16, 2019. The Court also ordered the defendant detained and scheduled a preliminary hearing for December 30, 2019, to determine if

1

the charge is supported by probable cause.   That date was continued two times after motions were

filed by the defendant.   There is currently a preliminary hearing scheduled for April 30, 2020.

## II.   THE PURPOSE OF A PRELIMINARY HEARING IS TO DETERMINE WHETHER THERE IS PROBABLE CAUSE

At a preliminary hearing, the court's sole task is to determine whether there is "probable

cause to believe an offense has been committed and the defendant committed it."   Fed. R. Crim.

P. 5.1(e).   In other words, "purpose of a preliminary hearing is to 'afford a person arrested upon

complaint an opportunity to challenge the existence of probable cause for detaining him or

requiring bail.'"   *United States v. Cowan*, 396 F.2d 83, 88 (2d Cir. 1968) (quoting *United States

v. Aiken*, 373 F.2d 294, 298 (2d Cir. 1967)). *See also United States v. Robinson*, 42 F.R.D. 421,

423 (S.D.N.Y. 1967) ("The sole purpose of a preliminary hearing . . . is to determine whether there

is sufficient evidence to warrant the defendant's detention[.]")   Courts routinely apply this same

probable cause standard when reviewing complaints and search warrants.   "[P]robable cause

requires only a probability or substantial chance of criminal activity, not an actual showing of such

activity." *United States v. Bakhtiari*, 913 F.2d 1053, 1062 (2d Cir. 1990) (quoting *Illinois v. Gates*,

462 U.S. 213, 244 n. 13 (1983)). "Probable cause to arrest exists when the officers have knowledge

of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to

warrant a person of reasonable caution in the belief that an offense has been or is being committed

by the person to be arrested."   *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007).   In the

context of an arrest, "to establish probable cause, it is not necessary to make a prima facie showing

of criminal activity or to demonstrate that it is more probable than not that a crime has been or is

being committed." *United States v. Cruz*, 834 F.2d 47, 50 (2d Cir. 1987) (internal quotations

omitted).   "Rather, probable cause for arrest 'exists where the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'" *Id.* (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949) (internal quotations omitted).   *See also Coleman v. Burnett*, 477 F.2d 1187, 1202 (D.C. Cir. 1973) ("Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.").

In evaluating probable cause, courts consider the totality of the circumstances.   *Gates*, 462 U.S. at 238.   Under this standard, courts must consider "the whole picture," rather than viewing individual facts "in isolation."   *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018).   The probable cause determination does not to "finally determine guilty through a weighing of the evidence."   *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989).   A magistrate judge presiding over a preliminary hearing can "legitimately find probable cause while personally entertaining some reservations."   *Coleman*, 477 F.2d at 1202.

## III.   EVIDENTIARY MATTERS

### The Federal Rules of Evidence do not apply.

The Federal Rules of Evidence "do not apply to . . . a preliminary examination in a criminal case."   Fed. R. Evid. 1101(d)(3).   The only exception is that the rules on privilege still apply. Fed. R. Evid. 1101(c).   As described below, the evidence that may be presented at preliminary hearings differs in important respects from the typical rules of evidence.

### Hearsay is admissible.

Because the normal rules of evidence do not apply, hearsay is admissible at preliminary

hearings.  *See, e.g., Santos v. Thomas*, 830 F.3d 987, 991 (9th Cir. 2016) ("In probable cause

hearings under American law, the evidence taken need not meet the standards for admissibility at

trial.   Indeed, at a preliminary hearing in federal court a finding of probable cause may be based

upon hearsay in whole or in part." (internal quotation marks omitted)); *Peterson v. California*, 604

F.3d 1166, 1171 n.4 (9th Cir. 2010) (the Fourth Amendment permits a determination of probable

cause at a preliminary hearing based on hearsay testimony).   This concept has deep roots.   Rule

5.1, the rule governing preliminary hearings, previously contained an explicit statement that "[t]he

finding of probable cause may be based upon hearsay evidence in whole or in part."   The Advisory

Committee omitted that language in the 2002 amendments, deeming it unnecessary because federal

law had become clear that it is appropriate to rely on hearsay at the preliminary hearing and the

Federal Rules of Evidence explicitly state that they do not apply at this stage.   Fed. R. Crim. P.

5.1 Advisory Committee Notes on 2002 Amendments; Fed. R. Evid. 1101.   Presentation of

hearsay at a preliminary hearing also poses no Confrontation Clause problem, because the

Confrontation Clause is a trial right.   *Peterson*, 604 F.3d at 1169-70.

      Suppression arguments are premature.

     At a preliminary hearing, the defendant "may not object to evidence on the ground that it

was unlawfully acquired."   Fed. R. Crim. P. 5.1(e).   Thus, a defendant may not raise arguments

that evidence should be suppressed.   *See, e.g.*, *Giordenello v. United States*, 357 U.S. 480, 484

(1958) (judicial officer determining probable cause at a preliminary hearing has no authority to

adjudicate the admissibility of evidence as that was an issue for trial court); *United States v.*

*Olender*, No. 00-CR-80141-DT, 2000 WL 977295, at *3 (E.D. Mich. May 26, 2000) (motion to

suppress may be filed only after indictment or information); *United States v. Acosta*, 769 F.Supp.

184, 186 (E.D. Pa. 1991) ("[T]he magistrate judge or other judicial officer does not have the authority to consider suppression issues at the preliminary examination."). *See also* Advisory committee Notes to 1972 Addition of Rule 5.1 ("Allowing objections to evidence on the ground that evidence has been illegally obtained would require two determinations of admissibility, one before the United States magistrate and one in the district court. The objective is to reduce, not increase, the number of preliminary motions . . . The fact that a defendant is not entitled to object to evidence alleged to have been illegally obtained does not deprive him of an opportunity for a pretrial determination of the admissibility of evidence. He can raise such an objection prior to trial in accordance with the provisions of rule 12.").

<u>Cross-examination is limited.</u>

Because the only purpose of the preliminary hearing is to determine probable cause, the scope of cross-examination of government witnesses is limited. "Cross-examination at a preliminary hearing, like the hearing itself, is confined by the principle that a probe into probable cause is the end and aim of the proceeding[.]" *Coleman*, 477 F.2d at 1201.

The defendant may not use cross-examination to go "on an impermissible quest for discovery." *Id.* For example, the Fifth Circuit upheld a magistrate judge's decision to prevent cross-examination about the identity of an informant. *United States v. Hart*, 526 F.2d 344, 344 (5th Cir. 1976). Indeed, informant identity is generally privileged, *Roviaro v. United States*, 353 U.S. 53, 59 (1957), and any such disclosure would be particularly inappropriate at this preliminary stage. *McCray v. State of Ill.*, 386 U.S. 300, 311 (1967) (upholding state's refusal to compel police officers to divulge informant's identity at preliminary hearing, noting, "we have repeatedly made clear that federal officers need not disclose an informer's identity in applying for an arrest

5

or search warrant").

Likewise, cross-examination questions directed to potential suppression arguments would be outside the scope of the preliminary hearing.  In addition to the special limitations for preliminary hearings, "cross-examination is properly to be limited at preliminary hearing, as at trial, to the scope of the witness' direct examination."  *Coleman*, 477 F.2d at 1201.

Defense subpoenas

The defendant is entitled to subpoena witnesses "whose testimony promises appreciable assistance on the issue of probable cause," unless there is "good cause for not requiring [the witness's] presence."  *Coleman*, 477 F.2d at 1205.  Good cause for not requiring a witness's presence may include "physiological or psychological reasons" that make appearance unreasonable.  *United States v. King*, 482 F.2d 768, 773 (D.C. Cir. 1973).  Subpoenas must comply with Rule 17, including the requirement that the defense obtain a court order for any subpoena requiring production of personal or confidential information about a victim and that the court give the victim an opportunity to move to quash the subpoena.  Fed. R. Crim. P. 17. Subpoenas may not seek privileged information.  *See* Fed. R. Evid. 1101(c), (d) (stating that rules on privilege apply to preliminary examinations in criminal cases).  Subpoenas are not "a means of discovery for criminal cases," and, as always, they must be limited to relevant, admissible, and specific information.  *United States v. Nixon*, 418 U.S. 683, 698-99 (1974).

## IV.    DISCLOSURES REQUIRED INCIDENT TO PRELIMINARY HEARINGS

Disclosure is a natural, but collateral, effect of any preliminary hearing.  A preliminary hearing "does not include discovery for the sake of discovery."  *Coleman*, 477 F.2d at 1199–200; "[T]he purpose of a preliminary hearing . . . is not to provide a defendant with a preview of the

Government's case against him but rather to 'afford a person arrested upon complaint an opportunity to challenge the existence of probable cause for detaining him or requiring bail.'" *United States v. Permisohn*, 339 F. Supp. 52, 56 (S.D.N.Y. 1971) (quoting *Cowan*, 396 F.2d at 88.) Conducting or obtaining "'discovery'" is not the purpose for which a preliminary hearing is authorized." *Id.*; *see also Robbins v. United States*, 476 F.2d 26, 32 (10th Cir. 1973) ("[A] preliminary hearing is not designed for the purpose of affording discovery for an accused."); *United States v. Begaye*, 236 F.R.D. 448, 454 (D. Ariz. 2006) ("[T]he rules of discovery found in Rule 16, Federal Rules of Criminal Procedure, are not applicable to preliminary hearings."). Rather, Rule 5.1 directs the parties to make certain limited disclosures. Specifically, the parties are required to produce the statements of the witnesses whom they call to testify at the preliminary hearing. Fed. R. Crim. P. 5.1(h), 26.2.

Statements must be produced only if they "relate[] to the subject matter of the witness's testimony" and also fall into one of the following categories:

> (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
>
> (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
>
> (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2(f). The government will make the required disclosures in advance of the preliminary hearing.

## V. CONCLUSION

The foregoing provides an overview of legal issues relating to preliminary hearings. Should any issue arise that has not been covered in this brief, the government respectfully requests

leave to submit such further memoranda as may be necessary.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ *Douglas P. Morabito*
DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT 20962
157 Church Street
New Haven, CT 06510
(203) 821-3700

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2020, a copy of the foregoing Government's Preliminary Hearing Memorandum was filed electronically, and that notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the court's CM/ECF system.

 /s/ *Douglas P. Morabito*
DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY