UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA<br><br>v.<br><br>AHMAD KHALIL ELSHAZLY | Case No. 3:19MJ1708 (RMS)<br><br><br><br>April 29, 2020 |
|---|---|

**GOVERNMENT'S MOTION TO EXTEND TIME TO FILE AN INFORMATION OR INDICTMENT AND FOR SPEEDY TRIAL ACT FINDINGS OF EXCLUDABLE DELAY**

The Government seeks entry of an order extending the time in which to file an information or an indictment and excluding time from the Speedy Trial Act calculation for excludable delay.

**I.   Background**

The defendant Ahmad Khalil ELSHAZLY ("ELSHAZLY") was arrested on December 16, 2019 in connection with a criminal complaint charging him attempting to provide material support and resources to a foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B. On December 16, 2019, ELSHAZLY appeared before United States Magistrate Judge Robert M. Spector for his initial appearance. ELSHAZLY was ordered detained pending a hearing. On December 27, 2019, the Court granted the defendant's motion to continue the time for a probable cause hearing and the time to the filing of an Indictment or Information until February 28, 2020. On February 13, 2020, after a contested detention hearing, Magistrate Judge Robert M. Spector ordered ELSHAZLY detained pending trial. On that same date, the Court granted a second motion by the defendant to continue the probable cause hearing and the time to the filing of an Indictment or Information until April 30, 2020.

In the meantime and based on representations from counsel, the parties negotiated a protective order so that the Government could voluntarily provide voluminous discovery to the

1

defendant in an effort to resolve the matter by way of an Information.  Moreover, counsel for the defendant previously indicated that ELSHAZLY agreed to a further waiver of time beyond the April 30th date in an effort to resolve the matter or, if necessary, to present the matter to a grand jury.  Less than two weeks before the scheduled hearing counsel for the defendant advised the government that ELSHAZLY no longer would agree to continue the time for the probable cause hearing and the time to file an Indictment.

A preliminary hearing pursuant to Fed. R. Crim. P. 5.1 is scheduled for Aril 30, 2020.

On March 11, 2020, this Court issued a General Order suspending all jury selections and jury trials scheduled to begin before April 10, 2020 in the District of Connecticut. *See IN RE: Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Conn. March 11, 2020) ("Court Operations Order").  In a separate General Order, the Court prohibited specific categories of people from entering federal courthouses in the District of Connecticut: people who have traveled to listed areas within the past 14 days, people who have had close contact with someone who traveled to a listed area, people who have been asked to self-quarantine, and people who have been diagnosed with (or had contact with someone diagnosed with) COVID-19. *See IN RE: Restriction on Visitors to Courthouses* (D. Conn. March 11, 2020) ("Visitor Restriction Order"). These two General Orders were entered to address public health concerns related to COVID-19.

On March 24, 2020, this Court entered another General Order, which provided in part: "the President of the United States has declared a national emergency and the Governor of the State of Connecticut has declared a public health emergency throughout the State . . . [and] the U.S. Centers for Disease Control and Prevention has advised people to take precautions in light of the COVID-19 virus (coronavirus) outbreak, and has noted that the best way to prevent illness is to avoid being

exposed to the virus, through, among other means, social distancing[.]" *COVID Hearing Continuation Order* (D. Conn. March 24, 2020). The Order continued:

1) All in-court (in-person) civil and criminal proceedings scheduled to commence on or before May 15, 2020, before any district or magistrate judge in any courthouse in the District of Connecticut shall be CONTINUED pending further Order of the Court, with the exceptions and under the procedures noted in paragraph 2 below;

2) During this period, the Court will handle, in court and without interruption, presentment of new arrests, detention hearings, grand jury returns, and civil matters requiring a prompt hearing under Fed. R. Civ. P. 65; in addition, each district or magistrate judge may, in his or her discretion, choose to handle other matters in court (as opposed to continuing the matter or handling it via video or teleconference) to the extent each judge deems it necessary to do so in the interests of justice, after giving due consideration to the public health risks presented by in-court appearances; each judge will notify the parties through the CM/ECF system as to whether a particular proceeding assigned to that judge and scheduled to occur on or before May 15, 2020, will take place as scheduled and, if so, whether the proceeding will occur in court or through remote communication (i.e., video or telephone conference).

*See id*. On the same date, this Court entered a *COVID Jury Suspension Order*. This Order provided the following: "All civil and criminal (grand and petit) jury selections and jury trials scheduled to commence now through May 15, 2020 before any district or magistrate judge in any courthouse in the District of Connecticut . . . are CONTINUED pending further Order of the Court." *COVID Jury Suspension Order* (D. Conn. March 24, 2020).

On April 2, 2020, this Court entered a *Superseding General Order Re: 3/24/20 Jury Suspension Order*. The Superseding Order provided in pertinent part: "effectively immediately" "[a]ll "civil and criminal (grand and petit) jury selection and jury trials scheduled to commence now through May 15, 2020 . . . are CONTINUED pending further Order of the Court[.]" *See id*. (emphasis in original). Moreover, the Order suspended all sitting "grand jury proceedings, due to the recent inability to obtain quorums[.]" *Id*. "[D]ue to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the

3

availability of counsel and Court staff to be present in the courtroom, the time period of the continuances implemented by this Standing Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and each defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A)." *Id.*

These orders were imposed based on (1) the President's and the Connecticut governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. The Connecticut Governor has imposed a succession of Orders requiring residents to "stay home" subject to limited sections, the closure of non-essential businesses, and limiting social gatherings to five persons. *See* Executive Order 7N (March 26, 2020). The Governor has also closed all schools in Connecticut through at least May 20, 2020. *See* Executive Order 7X (April 10, 2020).

The BOP has also taken aggressive action to mitigate the effects of COVID-19, and has been taking proactive steps to prevent potential coronavirus transmissions for months. *See* *https://www.bop.gov/resources/news/20200319_covid19_update.jsp*. The BOP has implemented several preventive measures, including, but not limited to, 14-day quarantine of all incoming inmates, a 30-day hold on all social visits, and a 30-day suspension of the movement of inmates and detainees among its facilities. *See* BOP COVID-19 Resource Page at https://www.bop.gov/coronavirus/index.jsp. (regularly updated).

As these orders and protocols reflect, the COVID-19 pandemic is a global emergency that is unprecedented in modern history. The virus continues to spread through the United States at an alarming rate. *See* Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control

and Prevention (updated daily), *available at* https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html. In Connecticut, as of April 29, 2020, Connecticut had 26,767 confirmed COVID-19 cases and 2,168 deaths.  *See*  https://portal.ct.gov/Coronavirus (last viewed April 29, 2020 at 5:20 p.m.).

## II.     The Speedy Trial Act

ELSHAZLY's arrest triggers two different clocks under the Speedy Trial Act.  First, under 18 U.S.C. § 3161(b) (the "speedy-indictment clock"), an indictment must usually be returned within 30 days of a federal arrest or service of a summons based on a complaint.  Second, an additional requirement applies to a defendant who is "being held in detention solely because he is awaiting trial" or who is "released" but "designated by the attorney for the government as being 'high risk.'"  18 U.S.C. § 3164(c) (the "90-day trial clock").  For such defendants, trial "shall commence not later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the [g]overnment." *Id.*  Failure to do so shall result in release from custody or "automatic review . . . of the conditions of release." *Id.*

Here, these provisions would typically require ELSHAZLY to be indicted on or before January 14, 2020 except that the Court continued those dates until April 30, 2020 after a motion and waiver filed by the defendant.  In addition, because the 90-day trial clock also applies, ELSHAZLY would be entitled to an automatic review of his detention if trial did not commence by March 14, 2020, except that the Court continued those dates until April 30, 2020 after a motion and waiver made by the defendant.  Exceptions to these rules apply, however, and periods can be excluded under 18 U.S.C. § 3161(h)--the same, familiar provision that applies to the 70-day trial clock.

In this case, the global pandemic justifies excluding time from the Speedy Trial Act, including the speedy-indictment and 90-day trial clocks, under 18 U.S.C. § 3161(h)(7)(A). *See, e.g.*, *United States v. Carillo-Villa*, 20 Mag. 3073, 2020 WL 1644773, at *3 (S.D.N.Y. April 2, 2020) ("[i]In light of the fact that there is no realistic scenario under which a grand jury can be convened in the near future, we find that the ends of justice served by excluding a 30-day period from the speedy trial calculation outweigh the best interest of the public and the defendant in a speedy trial.").

This is the same ends-of-justice provision that applies to the 70-day post-indictment trial clock under the Speedy Trial Act. Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded when the judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509.

Judged by the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the Court Operations Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). Moreover, no such period is

excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

### III.    Request for Speedy-Trial Act Extension, Exclusion and Findings

Here, the time between April 30, 2020, the date the Court has already excluded based on the defendant's motions and waivers, and May 30, 2020, should be excluded from the Speedy Trial Act for all purposes, thus tolling both the speedy-indictment and 90-day trial clocks.

Here, all Speedy Trial Act deadlines--including both the speedy indictment and 90-day trial clock--should be tolled until May 30, 2020, under the ends-of-justice provision. *See* 18 U.S.C. § 3161(h)(7)(A). Pending further order of the Chief Judge, grand juries have been suspended until at least May 18, 2020. *See Superseding General Order Re: 4/27/20* (D. Conn. April 27, 2020).

The ends of justice amply justify excludable time under these circumstances. As the President, the Connecticut governor, and this Court's General Orders have recognized, we are in the midst of a grave public-health emergency requiring people to take extreme measures to limit contact with one another. This pandemic, like a natural disaster or other emergency, well justifies an ends-of-justice exclusion. *See Carillo-Villa*, 2020 WL 1644773, at *3 ("ends of justice standard is easily applied [to the COVID-19 pandemic] because it is far less demanding than the 'extraordinary circumstances' standard in Fed. R. Crim. P. 5.1(d), which we have already found to exist.")

"Although the drafters of the Speedy Trial Act did not provide a particular exclusion of time for such public emergencies (no doubt failing to contemplate, in the more innocent days of 1974, that emergencies such as this would ever occur), the discretionary interests-of-justice exclusion" certainly covers this situation. *United States v. Correa*, 182 F. Supp. 326, 329

(S.D.N.Y. 2001) (addressing Speedy Trial Act exclusion in the wake of the September 11 terrorist attacks). Thus, Courts of Appeals across the country have affirmed Speedy Trial Act exclusions under emergent circumstances: after the eruption of Mt. St. Helens, *see Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981); after a prosecutor had a "family emergency," *United States v. Stallings*, 701 F. App'x 161, 170-71 (3d Cir. 2017); where a case agent had a "catastrophic family medical emergency," *United States v. Hale*, 685 F.3d 522, 533-36 (5th Cir. 2012); after Hurricane Katrina, *United States v. Scott*, 245 F. App'x 391, 394 (5th Cir. 2007); or even after a "paralyzing blizzard" and the hospitalization of an informant, *United States v. Richman*, 600 F.2d 286, 292, 293-94 (1st Cir. 1979).

With respect to the speedy-indictment date, the pandemic falls under 18 U.S.C. § 3161(h)(7)(B)(iii), which allows a court excluding time to consider "[w]hether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)[.]" 18 U.S.C. § 3161(h)(7)(B)(iii). This Court's order suspending grand-jury proceedings makes indictment of this case before May 30, 2020, not just "unreasonable to expect" but impossible. *Id.* This Court's Order further found that "due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of counsel and Court staff to be present in the courtroom, the time period of the continuances implemented by this Standing Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and each defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A)." *See Superseding General Order Re: 4/27/20 Jury Suspension Order* (D. Conn. April 27, 2020).

Similarly, with respect to the 90-day trial clock, COVID-19 may make trial within the Speedy Trial Act's deadlines impossible. *See COVID Jury Suspension Order* (D. Conn. April 27, 2020)(suspending all jury trials until at least June 15, 2020). Thus, failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). In addition to concerns for prospective jurors' health and the ability of the Court to obtain (and maintain) an adequate number of jurors, an ends-of-justice exclusion from the 90-day trial date is particularly apt because:

- The closure of Connecticut's public schools through at least May 20, 2020 will require a significant number of jurors to handle child-care responsibilities and thus be unavailable for jury service.

- The closure of non-essential businesses and the resulting massive layoffs and furloughs by employers in Connecticut, and throughout the country, have plunged many prospective jurors into a financial crisis and a significant number of jurors will have forgo or delay employment opportunities if summoned and selected for jury service.

- It will be almost impossible for jurors--particularly jurors over 65--to maintain adequate social distance during jury selection, trial, and deliberations. Indeed, to leave their homes to come to court, such jurors would violate the recommendations of the Centers for Disease Control and other public-health authorities.

- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses,

attorneys, and case agents, which is inconsistent with advice from the Centers for Disease Control.

Due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act's time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

### IV. Conclusion

Based on the foregoing, the Court should enter an order finding that the Speedy Trial Act's indictment clock will be extended to 30 days if no grand jury in the District of Connecticut sits before May 30, 2020 making case-specific findings excluding time from the Speedy Trial Act's indictment and 90-day trial clocks under 18 U.S.C. § 3161(h)(7)(A). Nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that other time periods are excluded.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ *Douglas P. Morabito*
DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT 20962
157 Church Street
New Haven, CT 06510
(203) 821-3700

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2020, a copy of the foregoing was filed electronically, and that notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

      /s/ *Douglas P. Morabito*
      DOUGLAS P. MORABITO
      ASSISTANT UNITED STATES ATTORNEY