UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AHMAD KHALIL ELSHAZLY | Case No. 3:19MJ1708 (RMS)<br><br><br>May 1, 2020 |

PROPOSED ORDER EXCLUDING TIME FROM THE SPEEDY
TRIAL ACT BASED ON SUSPENSION OF THE GRAND JURY

Having considered the Government's Motion to Extend Time to File an Information or Indictment and for Speedy Trial Act Findings of Excludable Delay ("motion"), as well as the various District of Connecticut General Orders referenced herein, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

This case was initiated via a complaint issued on December 16, 2019, by Magistrate Judge Robert M. Spector. Defendant Ahmad Khalil Elshazly first appeared before a judicial officer of this Court on that same date, December 16, 2019, at which time the defendant was detained.

The Speedy Trial Act would typically require defendant to be indicted by 30 days from the defendant's arrest. 18 U.S.C. § 3161(b). In addition, because 18 U.S.C. § 3164(c) applies, the defendant would be entitled to an automatic review of his detention if trial did not commence by 90 days after his detention order.

On December 27, 2019, the Court granted the defendant's motion to continue the time for a probable cause hearing and the time to the filing of an Indictment or Information until February 28, 2020. On February 13, 2020, after a contested detention hearing, Magistrate Judge Robert M. Spector ordered the defendant detained pending trial. On that same date, the Court granted a second motion by the defendant to continue the probable cause hearing and the time to the filing of an Indictment or Information until April 30, 2020.

In the meantime and based on representations from counsel, the parties negotiated a protective order so that the Government could voluntarily provide voluminous discovery to the defendant in an effort to resolve the matter by way of an Information. Moreover, counsel for the defendant previously indicated that the defendant agreed to a further waiver of time beyond April 30, 2020 in an effort to resolve the matter or, if necessary, to present the matter to a grand jury. Less than two weeks before the scheduled preliminary hearing counsel for the defendant advised the government that the defendant no longer would agree to continue the time for the probable

2

cause hearing and the time to file an Indictment. At this time, all grand jury proceedings in the District of Connecticut had been suspended.

A preliminary hearing pursuant to Fed. R. Crim. P. 5.1 occurred on April 30, 2020 and the Court held that there was probable cause to support the charge in the complaint. The defendant filed a renewed motion for release and the Court again denied the defendant's motion for release on April 1, 2020 for many of the same reasons outlined in the Court's February 13, 2020 Order.

On March 11, 2020, the Chief Judge for this Court issued a General Order suspending all jury selections and jury trials scheduled to begin before April 10, 2020 in the District of Connecticut. *See IN RE: Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Conn. March 11, 2020) ("Court Operations Order").

In a separate General Order, the Chief Judge for this Court prohibited specific categories of people from entering federal courthouses in the District of Connecticut: people who have traveled to listed areas within the past 14 days, people who have had close contact with someone who traveled to a listed area, people who have been asked to self-quarantine, and people who have been diagnosed with (or had contact with someone diagnosed with) COVID-19. See IN RE: Restriction on Visitors to Courthouses (D. Conn. March 11, 2020) ("Visitor Restriction Order").

These two General Orders were entered to address public health concerns related to COVID-19.

On March 24, 2020, the Chief Judge for this Court entered another General Order, which provided in part: "the President of the United States has declared a national emergency and the Governor of the State of Connecticut has declared a public health emergency throughout the State . . . [and] the U.S. Centers for Disease Control and Prevention has advised people to take

precautions in light of the COVID-19 virus (coronavirus) outbreak, and has noted that the best way to prevent illness is to avoid being exposed to the virus, through, among other means, social distancing[.]" *COVID Hearing Continuation Order* (D. Conn. March 24, 2020). The Order continued:

> 1) All in-court (in-person) civil and criminal proceedings scheduled to commence on or before May 15, 2020, before any district or magistrate judge in any courthouse in the District of Connecticut shall be CONTINUED pending further Order of the Court, with the exceptions and under the procedures noted in paragraph 2 below;
>
> 2) During this period, the Court will handle, in court and without interruption, presentment of new arrests, detention hearings, grand jury returns, and civil matters requiring a prompt hearing under Fed. R. Civ. P. 65; in addition, each district or magistrate judge may, in his or her discretion, choose to handle other matters in court (as opposed to continuing the matter or handling it via video or teleconference) to the extent each judge deems it necessary to do so in the interests of justice, after giving due consideration to the public health risks presented by in-court appearances; each judge will notify the parties through the CM/ECF system as to whether a particular proceeding assigned to that judge and scheduled to occur on or before May 15, 2020, will take place as scheduled and, if so, whether the proceeding will occur in court or through remote communication (i.e., video or telephone conference).

*See id.*

On the same date, the Chief Judge for this Court entered a COVID Jury Suspension Order. This Order provided the following: "All civil and criminal (grand and petit) jury selections and jury trials scheduled to commence now through May 15, 2020 before any district or magistrate judge in any courthouse in the District of Connecticut . . . are CONTINUED pending further Order of the Court." COVID Jury Suspension Order (D. Conn. March 24, 2020).

On April 2, 2020, in response to the continuing spread of the COVID-19 pandemic, the Chief Judge of this Court suspended all grand-jury proceedings until at least May 15, 2020. *Superseding General Order Re: 3/24/20 Jury Suspension Order.*

The Superseding Order provided in pertinent part: "effectively immediately" "[a]ll "civil and criminal (grand and petit) jury selection and jury trials scheduled to commence now through May 15, 2020 . . . are CONTINUED pending further Order of the Court[.]" *See id*. (emphasis in original).

Moreover, the Order suspended all sitting "grand jury proceedings, due to the recent inability to obtain quorums[.]" *Id.* "[D]ue to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of counsel and Court staff to be present in the courtroom, the time period of the continuances implemented by this Standing Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and each defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A)." *Id.*

On April 27, 2020, the Chief Judge of this Court issued a Superseding General Order stating in relevant part: "Because the grand jury performs an essential service that can safely be performed in a courtroom without anyone breaching social distancing, the U.S. Attorneys Office may conduct grand jury proceedings in person beginning May 18, 2020. Until further order of the Court, grand jury proceedings will take place only in the New Haven courthouse. All grand jurors shall observe appropriate social distancing and shall wear masks while present in the courthouse. Additional precautions shall be undertaken as necessary to promote safety and encourage grand juror participation." *Superseding General Order Re: 4/27/20.*

The last grand-jury session in the District of Connecticut, prior to this order, was on March 18, 2020.

Given the grave public-health concerns discussed in the Chief Judge's Orders herein, as well as the facts and arguments set forth in the government's motion (which the Court incorporates fully by reference here), the ends of justice served by a continuance outweigh the best interest of the public and defendant in a speedy indictment and trial.  Thus, the period from April 30, 2020 the date which the defendant has previously waived to May 30, 2020, shall be excluded from the Speedy Trial Act for all purposes.  18 U.S.C. § 3161(h)(7)(A).

Failure to grant the continuance of the Speedy Trial Act deadlines would likely make a continuation of the proceeding impossible or result in a miscarriage of justice.  18 U.S.C. § 3161(h)(7)(B)(i).

Specifically, delay in the filing of the indictment is caused because the time which the defendant previously waived the above requirements occurred at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b).  18 U.S.C. § 3161(h)(7)(B)(iii).

Due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

Failure to continue this case would also likely put parties, witnesses, jurors, counsel, and court personnel at unnecessary risk.

The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys' for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

Accordingly, the Court finds that there is good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. Thus, the period from April 30, 2020, the date which the defendant has previously waived to May 30, 2020, shall be excluded in computing the time in which the indictment must be returned or the trial must commence under the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(7)(A).

2. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

| | |
|---|---|
| DATE | HONORABLE ROBERT M. SPECTOR<br>UNITED STATES MAGISTRATE JUDGE |