UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO.  3:19-MJ-1708 (RMS) |
| AHMAD ELSHAZLY | : | May 4, 2020 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO GOVERNMENT'S MOTION TO EXTEND SPEEDY TRIAL DEADLINES**

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, the government was required to obtain an indictment by April 30, 2020, if it wished to maintain this action against Mr. Elshazly. Because the government has not done so, and because the government's motion for an extension of the indictment deadline does not satisfy the requirements of § 3161, the Court must dismiss the complaint against Mr. Elshazly pursuant to 18 U.S.C. § 3162(a)(1) and Federal Rule of Criminal Procedure 48.

In light of the nature of the circumstances of the delay in indictment, including the parties' negotiations to date and the Covid-19 pandemic, Defendant does not seek dismissal with prejudice.

## THE GOVERNMENT'S MOTION FOR EXTENSION SHOULD BE DENIED

Mr. Elshazly was initially arrested on December 16, 2019. In light of pre-indictment negotiations with the government, Mr. Elshazly waived his rights to a preliminary hearing and an indictment until April 30, 2020. *See* Docs. 10, 22. The Court held a preliminary hearing as required by Federal Rules of Criminal Procedure 5.1 on April 30, 2020.

The government, however, did not obtain an indictment by April 30, 2020, as required by the Speedy Trial Act. Instead, on April 29, 2020, the government submitted a motion seeking to extend the indictment deadline by a further 30 days. The government's motion and subsequent proposed order (docs. 34 and 38) do not invoke any properly applicable provision of the Speedy Trial Act and therefore should be denied.

The government first proposes that the court hold that an extension of the indictment deadline would be appropriate because "delay in the filing of the indictment is caused because the time which the defendant previously waived the above requirements occurred at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b). 18 U.S.C. § 3161(h)(7)(B)(iii)." Doc. 38 at 6.[1]

The government's reference to time in which the defendant "previously waived the above requirements," however, does not find purchase in the actual text of the Speedy Trial Act. The Act instead permits extension of the indictment deadline where "delay in the filing of the indictment is caused because *the arrest occurs at a time* such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)[.]" 18 U.S.C.A. § 3161(h)(7)(B)(iii)

---

[1] The government's proposed order, quoted here, reflects its arguments as similarly made in the motion docketed as Doc. 34.

(emphasis added). The plain text of the provision refers expressly—and exclusively—to the timing of the arrest. The government does not and cannot claim that the arrest in this case took place at a time when it was impossible to obtain a timely indictment.

The government next asks the court to state that "it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv)" Doc. 38 at 6.

The government's argument here, as with its professed concern regarding the health of litigants and court personnel, is well-placed with respect to the 70-day trial clock portion of the Speedy Trial Act. But it does not explain why a delay of the indictment deadline—rather than an extension of the later trial deadline—is appropriate to achieve the goal of assuring adequate preparation for trial and to avoid the risks of attempting to conduct a jury trial under the current circumstances. Indeed, because it is the indictment and the ensuing arraignment that trigger important discovery obligations on the part of both parties per the Standing Order on Discovery, delaying the indictment is in important respects detrimental to ensuring adequate trial preparation.

The government, finally, asks the court to broadly hold that "[f]ailure to grant the continuance of the Speedy Trial Act deadlines would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i)." Doc. 38 at 6. As discussed below, however, an extension of the indictment deadline is not an indispensable event for the prosecution in this case to proceed when the public health circumstances support the holding of trials once again. Defendant agrees that the appropriate remedy in this case is not to permanently bar

3

prosecution of the offense charged in the complaint; rather, if and when the government is able to obtain an indictment it may proceed with the prosecution of Mr. Elshazly.

Left out of the government's analysis, moreover, is Mr. Elshazly's interest in the progress of this case. As the Second Circuit has stated, the Speedy Trial Act "protects the defendant from undue delay in his or her trial and [ ] benefit[s] society by ensuring a quick resolution of criminal trials." *United States v. Breen*, 243 F.3d 591, 594 (2d Cir. 2001) (internal quotation marks omitted). Mr. Elshazly presently sits charged by complaint, a stage so early in the litigation that he has very limited formal discovery rights and no ability to bring substantive motions to, for example, dismiss the charges against him or move to suppress evidence. While the government is correct that a jury trial in this case may take time, both for reasons internal to the case and due to the Covid-19 pandemic, that does not mean the case should simply remain at a standstill—especially when Mr. Elshazly remains locked in a pretrial detention facility rife with Covid-19 infections.

### THE SPEEDY TRIAL CLOCK APPEARS TO HAVE ALREADY RUN

"[G]iven the language of Section 3161(h)(8)(A), it is axiomatic that retrospective exclusions under Section 3161(h)(8)(A) are not permissible." *United States v. Shellef*, 756 F. Supp. 2d 280, 289 (E.D.N.Y. 2011) (referring to provision now codified as § 3161(h)(7)(A))[2], *aff'd*, 718 F.3d 94 (2d

---

[2] The provision at issue provides that "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court

4

Cir. 2013). As the Second Circuit has stated in the leading case on the issue in this circuit, in light of the text and legislative history of the Speedy Trial Act,

> Time may not be excluded based on the ends-of-justice unless the district court indicates at the time it grants the continuance that it is doing so upon a balancing of the factors specified by section 3161(h)(8). We also adopt the position taken in other circuits that the precise reasons for the decision need not be entered on the record at the time the continuance is granted.

*United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir. 1985) (footnote omitted) (referring to the provision now codified as § 3161(h)(7)); *accord United States v. Shellef*, 718 F.3d 94, 104 (2d Cir. 2013); *United States v. Kelly*, 45 F.3d 45, 47 (2d Cir. 1995) ("We therefore reaffirm our ruling in *Tunnessen* by holding that the district court's retroactive finding that the May 26, 1992 continuance was granted to further the ends of justice was ineffective to create excludable time"). *But see United States v. Breen*, 243 F.3d 591, 597 (2d Cir. 2001) ("failure to utter the magic words 'ends-of-justice' at the time of ordering the continuance is not necessarily fatal" where court was "convinced by the record that in granting the continuance on May 25, the trial court considered the factors in § 3161(h)(8) and performed the required balancing of interests").

   As noted in the government's submissions, the Government became aware that Mr. Elshazly did not consent to a continuance of the indictment just under two weeks before the April 30

---

sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."

An amendment to the statute in 2008 struck what was then subparagraph (h)(5) and redesignated paragraphs (6) through (9) as paragraphs (5) through (8), respectively. PL 110–406, October 13, 2008, 122 Stat 4291.

deadline.[3] The government, however, waited until April 29 to file a motion to continue the indictment deadline. At the April 30 hearing, the Court instructed the government to file a proposed order by May 1, 2020, and instructed the defendant to respond by May 4. Upon information and belief, the court did not make findings on the record concerning the motion.[4] The hearing minutes indicate that the government's motion was granted. *See* doc. 35. No written order, however, reflects a determination by the Court that the ends of justice warrant granting the motion.

## THE COMPLAINT SHOULD BE DISMISSED WITHOUT PREJUDICE

As set forth above, an order extending the indictment deadline in this case is not warranted. Additionally, the time limit for the government to obtain an indictment appears already to have expired on April 30, 2020, absent the Court prospectively articulating that the ends of justice warranted an extension of that deadline.

18 U.S.C. § 3162(a)(1) sets out the consequence of such a violation of the Speedy Trial Act:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

---

[3] Counsel first notified the government that Mr. Elshazly no longer consented to waive the scheduled probable cause hearing on April 17, 2020. The parties thereafter attempted to determine whether an agreement concerning waiver could nonetheless be reached. These discussions did not lead to a waiver by Mr. Elshazly.

[4] Defendant has requested but has not yet obtained a transcript of the April 30, 2020, hearing.

The text of § 3162 leaves no room for discretion concerning whether a charge may be maintained in violation of § 3161. The charge must be dropped. As the Ninth Circuit has explained in a decision the Second Circuit has since relied upon:

> Whatever debate might still be open as to the wisdom or peril of imposing rigid time requirements, Congress seems carefully to have determined that a comprehensive plan for facilitating shorter pre-trial delays would promote the interests of the public, the individual, and the ends of justice. To accomplish these aims, sanctions were provided in § 3162. The triggering of the sanctions is unambiguous: the Act states that if the indictment is not found within 30 days, the charge contained in the complaint, the pleading by which the defendant was initially brought to the court, shall be dismissed. Whether that dismissal shall be with or without prejudice (that is, whether it can or cannot be brought again) is committed to the judge's discretion in light of the several factors set forth in the second sentence of § 3162(a)(1).
> . . .
> We hold that § 3162 of the Speedy Trial Act requires that, in a case where a defendant has been arrested and has not within 30 days been indicted or had an information filed against him, and a motion to dismiss the complaint is brought before trial, the court must dismiss the charge contained in the complaint notwithstanding that an indictment or information filed out of time may then be pending. The statute leaves no discretion whether to dismiss the charge in the complaint. Dismissal is mandatory.

*United States v. Antonio*, 705 F.2d 1483, 1485-86 (9th Cir. 1983) (cited by *United States v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995)).

Section 3162 does of course leave the Court with discretion concerning whether the dismissal should be with or without prejudice to further prosecution. Here the defendant does not assert that a dismissal with prejudice would be warranted. As the government correctly states, negotiations between the parties prompted earlier extensions of the speedy trial clock, and the government had comparatively little notice that Mr. Elshazly would not consent to a further continuance. The conditions precluding the government from obtaining a timely indictment, moreover, are driven by the prevailing Covid-19 pandemic. These factors all counsel in favor of an order permitting the government to re-file these charges as appropriate at a future date. The

government does not claim—and there does not appear to be—any statute of limitations concern that would prevent reprosecution at a time when the government and court system are more fully functional.

<div style="margin-left: 40%;">

Respectfully submitted,

THE DEFENDANT,
Ahmad Elshazly

OFFICE OF THE FEDERAL DEFENDER

</div>

Dated: May 4, 2020
/s/ James P. Maguire
James P. Maguire
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: ct29355
Email: James_Maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James P. Maguire
James P. Maguire